UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
ERIC SLUTSKY,

                             Plaintiff,

-against-

THE COUNTY OF NASSAU, NASSAU COUNTY
SHERIFF'S DEPARTMENT, AND JOHN & JANE
DOE(S) CORRECTION OFFICERS OF THE NASSAU
COUNTY SHERIFF'S DEPARTMENT,

                             Defendants,
---------------------------------X

Case No.: 17cv5808

VERIFIED COMPLAINT AND JURY TRIAL DEMAND

      Plaintiff, by his attorney, ANDREW C. LAUFER., complaining of the Defendants herein, respectfully allege upon information and belief, as follows:

**JURISDICTION**

1.     This is a civil action seeking compensatory damages, punitive damages, and attorney's fees.

2.     This action is brought pursuant to the common law and statutory law of the State of New York and pursuant to 42 U.S.C §1983, § 1985(2)(3) and §1988 and the fourth, eighth, and fourteenth amendments to the Constitution of the United States.

3.     Jurisdiction is founded upon 28 U.S.C. §1331, §1342 and §1367.

4.     Plaintiff, invoking the pendent jurisdiction of this Court, also seeks monetary damages, as well as attorney's fees, for assault, battery and negligent screening, hiring, supervision, training, security, and retaining correction officers.

5.     The individual defendants are sued in their individual capacities a well as in their capacities as employees of defendants THE COUNTY OF NASSAU and THE NASSAU COUNTY SHERIFF'S DEPARTMENT.

## VENUE

6. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this district.

## JURY TRIAL DEMAND

7. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

8. At all times relevant hereto, plaintiff ERIC SLUTSKY was and is a natural person, and a resident of Westbury, New York.

9. At all times relevant hereto, defendants JOHN and JANE DOE(S) CORRECTION OFFICERS were and are natural persons employed by the defendant THE COUNTY OF NASSAU as members of its SHERIFF'S Department.

10. At all times relevant hereto, defendant THE COUNTY OF NASSAU was and is a municipal corporation organized and existing pursuant to the laws of the State of New York.

11. At all times relevant hereto, defendant THE NASSAU COUNTY SHERIFF'S DEPARTMENT was and is a municipal corporation organized and existing pursuant to the laws of the State of New York.

12. On or about October 11, 2016, this date being within ninety (90) days after the claims herein accrued, plaintiff served upon the County of Nassau and the Nassau County Sheriff's Department a verified written Notice of Claim setting forth the time, place, nature and manner in which said claims arose.

13. Thereafter, a General Municipal Law §50-h hearing of plaintiff ERIC SLUTSKY, was conducted on September 28, 2017.

14. More than thirty (30) days have elapsed since the aforesaid verified Notice of Claim was served and the County Attorney has neglected and refused to make payment on said claim.

15. This action is commenced within one year and 90 days from the date that the causes of action herein accrued.

## FACTS COMMON TO ALL CAUSES OF ACTION

16. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "15" hereinabove as if more fully set forth at length therein.

17. On or about August 11, 2016, at approximately 8:30 P.M., plaintiff ERIC SLUTSKY was incarcerated and in the care, custody, and control of the defendants at the Nassau County Jail, A tier, section 72 and hallway A&B, located at 100 Carman Avenue, East Meadow, New York 11554.

18. At the time, Plaintiff ERIC SLUTSKY'S cell was being searched by approximately 4-5 agents, servants, and employees of the municipal defendant.

19. Immediate preceding this search, Mr. Slutsky was directed by the defendants to stand in front of his cell and facing away from it. He was also rear handcuffed.

20. Mr. Slutsky complied with this direction.

21. During the course and scope of the search, Mr. Slutsky momentarily turned to view the officers searching his cell.

22. At this juncture, one of the officers, a large individual with arm tattoos and a long dark ponytail, quickly approached Mr. Slutsky and struck him in the jaw, knocking him to the ground.

23. While on the ground, Mr. Slutsky was vicious kicked about his head and body by approximately 4 to 5 correction officers. This caused him to bleed profusely from the face, head, and body.

24. This beating lasted approximately 1 to 2 minutes. No one came to Mr. Slutsky's assistance.

25. After the beating, Mr. Slutsky's clothing was torn from his body and he was left in a pool of blood wearing only his underwear.

26. Thereafter, Mr. Slutsky was taken from the scene into a hallway by two of the defendant officers.

27. He was then handcuffed to a cell like door with his arms spread wide 'like Jesus". He was left there for approximately 1-2 hours.

28. Thereafter, he was taken by one officer to the infirmary. The officer escorting him, continued to slam him into every door on the way there.

29. Upon reaching the infirmary, Mr. Slutsky was placed in a cell and put on suicide watch although he never expressed and suicidal idealizations. He was not afforded any medical attention that evening and remained bloodied.

30. The next day, Mr. Slutsky was transported to Nassau University Medical Center by the defendants.

31. At the hospital, he was subject to numerous tests including x-rays, cat scans, and sonograms.

32.     Mr. Slutsky was diagnosed with a fractured jaw and several fractured nasal bones.

33.     After several hours of treatment, Mr. Slutsky was taken back to Nassau County Jail and moved to a different section.

34.     Internal Affairs interviewed Mr. Slutsky and several inmates who corroborated Mr. Slutsky's version of events.

35.     To date, it is unknown whether any correction officers involved were ever disciplined.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS JOHN AND JANE DOE(S) CORRECTION OFFICERS

### (42. U.S.C. §1983 and §1985(2)(3)

36.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "35" as if more fully set forth at length herein.

37.     The individual defendants violated plaintiff ERIC SLUTSKY'S right to due process of law guaranteed to him by the fourth, eighth, and fourteenth amendments to the Constitution of the United States in that they, acting under color of state law, without either reasonable suspicion or probable cause to do so, improperly utilized and engaged in excessive force illegally and improperly assaulted, battered, and victimized him. Defendants, with deliberate indifference, also failed to protect the health, safety, and welfare of the plaintiff. Further, defendants intentionally and     with malice conspired to withhold information and refused to properly investigate this incident, and conspired to cover-up such unlawful activity.

38.     Because the aforesaid acts committed by the individual defendants, Plaintiff ERIC SLUTSKY suffered a deprivation of the right to the due process of the law guaranteed to them by the fourth, eighth and fourteenth amendments to the Constitution of the United

States and, as a result, was publicly humiliated, intimidated, terrorized, beaten, and suffered severe mental anguish.

39. By reason of the aforesaid unconstitutional and illegal acts taken against them by the individual defendants, plaintiff has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFEDANT CORRECTION OFFICERS, THE COUNTY OF NASSAU, AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "39" hereinabove as if more fully set forth at length here in.

41. On or about August 11, 2016, at approximately 8:30 P.M., plaintiff ERIC SLUTSKY was incarcerated and in the care, custody, and control of the defendants at the Nassau County Jail, A tier, section 72 and hallway A&B, located at 100 Carman Avenue, East Meadow, New York 11554, plaintiff ERIC SLUTSKY, without probable cause or provocation, was offensively touched, assaulted, battered and victimized when he was forcibly beaten by the individual defendant correction officers.

42. The aforesaid force used by the individual defendants was not necessary or reasonable under the circumstances.

43. At the time, the individual defendants committed the aforementioned acts of assault and battery; they were acting within the scope of their employment by defendant THE COUNTY OF NASSAU.

44. Further, the individual defendants failed to intervene in order to prevent co-defendants from violating the rights of the plaintiff.

45. By reason of the aforesaid act of assault and battery committed against him by the individual defendants, and the remaining individually named defendants' failing to aid the plaintiff and investigate his complaints while they were acting within the scope of their employment by defendant THE COUNTY OF NASSAU, plaintiff ERIC SLUTSKY was publicly humiliated, intimidated, terrorized, beaten, and suffered severe mental upset.

46. As a result of the aforesaid acts of battery, plaintiff ERIC SLUTSKY has been damaged in the amount of Five Million ($5,000,000.00) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF ERIC SLUTSKY AGAINST DEFENDANTS THE COUNTY OF NASSAU AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT

### (Negligence & Monell)

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "46" hereinabove as if more fully set forth at length herein.

48. On or about August 11, 2016, at approximately 8:30 P.M., plaintiff ERIC SLUTSKY was incarcerated and in the care, custody, and control of the defendants at the Nassau County Jail, A tier, section 72 and hallway A&B, located at 100 Carman Avenue, East Meadow, New York 11554, plaintiff ERIC SLUTSKY, without probable cause or provocation, was offensively touched, assaulted, battered and victimized when he was forcibly beaten by the individual defendant correction officers.

49. Further, the individual defendants failed to intervene in order to prevent co-defendants from violating the rights of the plaintiff.

50. At the time the individual defendants' committed the aforementioned illegal and unconstitutional acts, they were acting within the scope of their employment by

defendants and in furtherance of an unlawful policy or practice of THE COUNTY OF NASSAU and THE NASSAU COUNTY SHERIFF'S DEPARTMENT.

51.     Further, the municipal defendants failed to discipline or properly discipline plaintiff's assailants.

52.     The aforesaid wrongful acts committed by defendants' were also a direct result of the negligence, recklessness and carelessness of the defendants THE COUNTY OF NASSAU and THE NASSAU COUNTY SHERIFF'S DEPARTMENT in screening, hiring, training, retaining, and supervising the individual defendants.

53.     Solely as a result of the aforesaid negligence, recklessness and carelessness of defendants THE COUNTY OF NASSAU and THE NASSAU COUNTY SHERIFF'S DEPARTMENT and through no culpable conduct on part of plaintiff ERIC SLUTSKY, plaintiff ERIC SLUTSKY suffered a deprivation of the right to the due process of the law guaranteed to him by the fourth, eighth and fourteenth amendments to the Constitution of the United States and, as a result, was deprived of his civil rights, liberty, suffered physical, mental and emotional injuries, injury to his reputation, humiliation and embarrassment.

54.     By reason of the aforementioned negligence of defendants THE COUNTY OF NASSAU and THE NASSAU COUNTY SHERIFF'S DEPARTMENT, and through no culpable conduct on the part of plaintiff ERIC SLUTSKY, plaintiff ERIC SLUTSKY, has been damaged in the sum of Five Million ($5,000,000.00) Dollars.

WHEREFORE, Plaintiffs, ERIC SLUTSKY, demand judgment against defendants, THE COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, AND JOHN & JANE DOE(S) CORRECTION OFFICERS OF THE NASSAU COUNTY SHERIFF'S DEPARTMENT as follows:

FIRST CAUSE OF ACTION: Five Million ($5,000,000.00) Dollars;

SECOND CAUSE OF ACTION: Five Million ($5,000,000.00) Dollars;

THIRD CAUSE OF ACTION: Five Million ($5,000,000.00) Dollars;

Plaintiff, in addition, demands the costs and disbursements of this action, punitive damages, and attorney's fees, pursuant to 42. U.S.C. §1988.

Dated: New York, New York
October 2, 2017

By: _____
Andrew C. Laufer
LAW OFFICE OF
ANDREW C. LAUFER, PLLC
Attorney for Plaintiff
255 W 36th Street Suite 1104
New York, New York 10018
(212) 422-1020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.:

ERIC SLUTSKY,

                                Plaintiff,

-against-

THE COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S DEPARTMENT, AND JOHN AND JANE DOE(S) CORRECTION OFFICERS OF THE NASSAU COUNTY SHERIFF'S DEPARTMENT,

                                Defendants,

**VERIFIED COMPLAINT AND JURY TRIAL DEMAND**

LAW OFFICE OF ANDREW C. LAUFER

**Attorney(s) for Plaintiff**

Office and Post Office Address
255 W. 36th Street, Suite 1104
New York, NY 10018

Tel: (212) 422 1020
Fax: (212) 422 1069

To:

Attorney(s) for:

Signature (Rule 130-1.1-a)
_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

PLEASE TAKE NOTICE:

☐ <u>NOTICE OF ENTRY</u>
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ <u>NOTICE OF SETTLEMENT</u>
that an order of which the within is a true copy
will be presented for settlement to the HON one of the judges of the
within named Court at
on               at            M.
Dated,

                                                                                     Yours, etc.

                                                                                     Law Office of Andrew C. Laufer