UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERIC SLUTSKY,                                               CV-17-5808 (JS) (ARL)

                Plaintiff,                                    ANSWER

      -    against -

THE COUNTY OF NASSAU, NASSAU COUNTY
SHERIFF'S DEPARTMENT, AND JOHN &
JANE DOE(S) CORRECTIONS OFFICERS OF THE
NASSAU COUNTY SHERIFF'S DEPARTMENT,

                Defendants.
-----------------------------------------------------------------X

      Defendants The County of Nassau and Nassau County Sheriff's Department (hereinafter collectively referred to as the "Defendants"), by their attorney Carnell T. Foskey, Nassau County Attorney, by Liora M. Ben-Sorek, Deputy County Attorney, answer the Complaint upon information and belief as follows:

## AS AND FOR AN ANSWER TO: "JURISDICTION"

1. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint and respectfully refer questions of law to the Court.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint and respectfully refer questions of law to the Court.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint and respectfully refer questions of law to the Court.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint and respectfully refer questions of law to the Court.

## AS AND FOR AN ANSWER TO: "VENUE"

6. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.

## AS AND FOR AN ANSWER TO: "JURY TRIAL DEMAND"

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

## AS AND FOR AN ANSWER TO: "PARTIES"

8. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10. Admit that the County of Nassau is a municipal corporation organized and existing pursuant to the laws of the State of New York, as alleged in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint except aver that a document purporting to be a Notice of Claim was received on or about October 11, 2016.

13. Admit that a municipal hearing pursuant to New York General Municipal Law § 50-h was held on September 28, 2017 as alleged in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint except aver that this matter has not been resolved.

15. Deny the allegations contained in paragraph 15 of the Complaint and respectfully refer questions of law to the Court.

## AS AND FOR AN ANSWER TO: "FACTS COMMON TO ALL CAUSES OF ACTION"

16. Responding to paragraph 16 of the Complaint, Defendants repeat and reassert each and every response contained in paragraphs 1 through 15, above, as if the same were more fully set forth at length herein.

17. Deny the allegations contained in paragraph 17 of the Complaint except aver that on August 11, 2016 Eric Slutsky was incarcerated at the Nassau County Correctional Center.

18. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint except aver that Internal Affairs interviewed Plaintiff.

35. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint.

### AS AND FOR AN ANSWER TO: "FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS JOHN AND JANE DOE(S) CORRECTIONS OFFICERS (42 U.S.C. § 1983 and § 1985(2)(3))"

36. Responding to paragraph 36 of the Complaint, Defendants repeat and reassert each and every response contained in paragraphs 1 through 35, above, as if the same were more fully set forth at length herein.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

4

## AS AND FOR AN ANSWER TO:
## "SECOND CAUSE OF ACTION ON BAHELF OF PLAINTIFF AGAINST DEFENDANT CORRECTIONS OFFICERS, THE COUNTY OF NASSAU AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT"

40. Responding to paragraph 40 of the Complaint, Defendants repeat and reassert each and every response contained in paragraphs 1 through 39, above, as if the same were more fully set forth at length herein.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint and respectfully refer questions of law to the Court.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

## AS AND FOR AN ANSWER TO:
## "THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF ERIC SLUTSKY AGAINST DEFENDANTS THE COUNTY OF NASSAU AND THE NASSAU COUNTY SHERIFF'S DEPARTMENT
## (Negligence & Monell)

47. Responding to paragraph 47 of the Complaint, Defendants repeat and reassert each and every response contained in paragraphs 1 through 46, above, as if the same were more fully set forth at length herein.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint and respectfully refer questions of law to the Court.

51. Deny the allegations contained in paragraph 51 of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. Deny that plaintiff is entitled to the relief sought in the "Wherefore" clause.

## AFFIRMATIVE DEFENSES

56. Should Plaintiff recover damages as a result of a finding of liability in whole or in part against the Defendants, such recovery should be reduced and diminished in proportion to the degree of comparative fault or negligence of the Plaintiff in contributing to such damages.

57. That if the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent, wrongful, reckless and/or unlawful conduct of the Plaintiff without any negligence, wrongdoing, recklessness and/or unlawful conduct on the part of the Defendants or their agents, servants or employees contributing thereto.

58. The alleged acts or omissions of the Defendants were not the proximate cause of any injuries or damages allegedly incurred by Plaintiff. Any injuries or damages allegedly incurred by the Plaintiff were the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of the Defendants.

59. Plaintiff has failed to mitigate damages in this matter.

60. The Complaint fails to state a cause of action against the Defendants upon which relief can be granted.

61. At all times mentioned in the Complaint and herein mentioned, all employees of the Defendant County of Nassau alleged to have anything to do with the Plaintiff acted in good faith and without malice.

62. The actions complained of were in full accord with the applicable law.

63. The alleged acts of conduct of the individually named Defendants herein, under the case of <u>Monell v. New York City Department of Social Services</u> does not create vicarious liability pursuant to the doctrine of respondeat superior and, consequently, Nassau County cannot be liable for any acts or conduct of any individual defendant herein, as a matter of law.

64. Plaintiff's constitutional and statutory rights have not been violated by the Defendants.

65. The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

66. Punitive damages may not be recovered against the County of Nassau as a matter of law.

67. The Nassau County Sheriff's Department is not a suable entity.

Dated: Mineola, New York
November 6, 2017

                CARNELL T. FOSKEY
                Nassau County Attorney
                One West Street
                Mineola, New York 11501
                Attorney for Defendants County
                and Sheriff's Department
         By: *Liora M. Ben-Sorek*
                Liora M. Ben-Sorek
                Deputy County Attorney
                (516) 571-3014

To: Andrew C. Laufer, Esq. (Via ECF)
   255 W. 36th Street, Suite 1104
   New York, New York 10018
   (212) 422-1020
   Attorney for Plaintiff